1  Xavier Becerra
   Attorney General of California
2  Richard F. Wolfe
   Supervising Deputy Attorney General
3  Douglas E. Baxter
   Deputy Attorney General
4  State Bar No. 201351
     600 West Broadway, Suite 1800
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone:  (619) 738-9567
7    Fax:          (619) 645-2581
     E-mail:  Douglas.Baxter@doj.ca.gov
8  *Attorneys for Defendant Frank Truong, M.D.*

9          **IN THE UNITED STATES DISTRICT COURT**

10       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12

13 | ANTORINETTE JACKSON, | Case No.: 5:17-cv-02312 DOC (KKx) |
   | --- | --- |

14 |                                Plaintiff, | **ANSWER BY DEFENDANT** |

15 |                                            | **FRANK TRUONG, M.D., TO** |
   |             v.                             | **COMPLAINT** |

16 |                                            | **And** |

17 | STATE OF CALIFORNIA, | |
   | DEPARTMENT OF CORRECTIONS; | **DEMAND FOR JURY TRIAL** |

18 | FRANK TRUONG, M.D.; and Does 1 | Judge:            The Honorable |
   | through 50, inclusive, | |

19 |                                            | David O. Carter |
   |                                            | Magistrate Judge:  The Honorable |

20 |                                Defendants. | Kenly Kiya Kato |

21

22        COMES NOW Defendant Frank Truong, M.D. and, by this Answer to the

23 Complaint, on file herein, admits, denies, and alleges as follows:

24        1.      Answering paragraph 1 on page 2 of the Complaint[1], Defendant admits

25 that the California Superior Court, County of Riverside originally had jurisdiction

26 _____

27        [1] The Complaint has been filed in this action as Exhibit B (Doc. 1-4) to the
   Notice of Removal (Doc. 1), which was filed on November 14, 2017.  All citations
28 to pages of documents on file with this Court will be to the page numbers assigned
   by the Court's ECF System.

1   over this action pursuant to section 410.10 of the California Code of Civil

2   Procedure.  However, the action has now been removed to this Federal Court under

3   28 U.S.C. § 1441(a).  The Notice of Removal stated that removal was proper due to

4   the presence of Plaintiff's claim for relief under 42 U.S.C. § 1983 for alleged

5   violations of his rights under the Eighth and Fourteenth Amendment to the United

6   States Constitution.  Such claims are within this Court's original jurisdiction under

7   28 U.S.C. §§ 1331 and 1343(a)(3).  Plaintiff's state law claims are subject to this

8   Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

9          2.     Answering paragraph 2 on page 3 of the Complaint, Defendant lacks

10   sufficient information or belief to admit or deny whether venue was best situated in

11   Riverside County when this action was pending in state court, and on that basis,

12   denies the allegation.  However, the action has now been removed to federal court,

13   and venue in the United States District Court for the Central District of California is

14   proper.  Defendants deny all remaining allegations in this paragraph.

15          3.     Answering the allegations in paragraph 3 on page 3 of the Complaint,

16   Defendant denies the allegations, except that Defendant admits Plaintiff is a

17   resident of the California Institution for Women (CIW).  CIW is generally

18   identified as falling within the City of Chino, County of San Bernardino; although,

19   it has a mailing address in the City of Corona, Riverside County.

20          4.     Answering the allegations in paragraph 4 on page 3 of the Complaint,

21   Defendant admits that he is a licensed Medical Doctor of Family Medicine and

22   registered to practice in the State of California.  Defendant admits he was Plaintiff's

23   primary care physician on or about August 21, 2016.  Defendant denies the

24   remaining allegations in the paragraph.

25          5.     Answering the allegations in paragraph 5 on page 3 of the Complaint,

26   Defendant admits the allegations.

27   / / /

28   / / /

2

1        6.    Answering the allegations in paragraph 6 on page 3 of the Complaint,

2   Defendant lacks sufficient information or belief to admit or deny the allegations,

3   and, on that basis, denies the same.

4        7.    Answering the allegations in paragraph 7 on page 3 of the Complaint,

5   Defendant denies that he has ever caused Plaintiff any harm.  Defendant further

6   denies that he has been negligent with respect to Plaintiff's medical care.

7   Defendant denies that he has ever violated any duty of care towards Plaintiff.

8   Defendant denies that he has ever engaged in any wrongful conduct toward

9   Plaintiff.  Defendant further denies that he has ever been deliberately indifferent to

10  any of Plaintiff's medical needs.  Defendant lacks sufficient information or belief to

11  admit or deny the remaining allegations in said paragraph, and, on that basis, denies

12  the same.

13       8.    Answering the allegations in paragraph 8 on page 4 of the Complaint,

14  Defendant denies that he has ever caused Plaintiff any harm.  Defendant further

15  denies that he has been negligent with respect to Plaintiff's medical care.

16  Defendant denies that he has ever violated any duty of care towards Plaintiff.

17  Defendant denies that he has ever engaged in any wrongful conduct toward

18  Plaintiff.  Defendant further denies that he has ever been deliberately indifferent to

19  any of Plaintiff's medical needs.  Defendant denies that he is liable to Plaintiff for

20  any injuries or damages.  Defendant lacks sufficient information or belief to admit

21  or deny the remaining allegations in said paragraph, and, on that basis, denies the

22  same.

23       9.    Answering the allegations in paragraph 9 on page 4 of the Complaint,

24  Defendant lacks sufficient information or belief to admit or deny the allegations in

25  said paragraph, and, on that basis, denies the same.

26      10.    Answering the allegations in paragraph 10 on page 4 of the Complaint,

27  Defendant lacks sufficient information or belief to admit or deny the allegations in

28  said paragraph, and, on that basis, denies the same.

11.   Answering the allegations in paragraph 11 on page 4 of the Complaint, Defendant admits that, on August 21, 2016, Plaintiff was a prisoner in the custody of the California Department of Corrections and Rehabilitation at the California Institution for Women (CIW).  Defendant denies that CIW is located in the City of Corona, California.  It is technically in the City of Chino.

12.   Answering the allegations in paragraph 12 on page 4 of the Complaint, Defendant admits that, during his work days between August 21, 2016, and the present, he has been employed by the State of California as a Medical Doctor at the California Institution for Women.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and, on that basis, denies the same.

13.   Answering the allegations in paragraph 13 on pages 4-5 of the Complaint, Defendant admits that Plaintiff was transported by CIW staff to Riverside County Regional Medical Center (RCRMC) for emergency medical care on or about August 21, 2016 and was, at some point, returned to CIW.  Defendant is informed and believes that Plaintiff did undergo surgery at RCRMC sometime in September 2016 and was again returned to CIW.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph, and, on that basis, denies the same.

14.   Answering the allegations in paragraph 14 on page 5 of the Complaint, Defendant admits that Plaintiff continued to be a prisoner at CIW between August 21, 2016, and November 5, 2016.  Defendant admits that he did have some role in Plaintiff's medical care during portions of that period; however, Defendant denies that he was solely responsible for Plaintiff's medical care during that period.  Defendant denies the remaining allegations in the paragraph.

15.   Answering the allegations in paragraph 15 on page 5 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations, and, on that basis, denies the same.

16.   Answering the allegations in paragraph 16 on page 5 of the Complaint, Defendant repeats and re-alleges his responses to paragraphs 1 through 15.

17.   Answering the allegations in paragraph 17 on page 5 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations, and, on that basis, denies the same.

18.   Answering the allegations in paragraph 18 on pages 5-6 of the Complaint, Defendant denies the allegations with respect to himself.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations, and, on that basis, denies the same.

19.   Answering the allegations in paragraph 19 on page 6 of the Complaint, Defendant denies the allegations with respect to himself.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations, and, on that basis, denies the same.

20.   Answering the allegations in paragraph 20 on page 6 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations, and, on that basis, denies the same.

21.   Answering the allegations in paragraph 21 on page 6 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations, and, on that basis, denies the same.

22.   Answering the allegations in paragraph 22 on page 6 of the Complaint, Defendant repeats and re-alleges his responses to paragraphs 1 through 21.

23.   Answering the allegations in paragraph 23 on page 6 of the Complaint, Defendant admits that, between August 21, 2016, and the present, Plaintiff has been a prisoner in the custody of the California Department of Corrections and Rehabilitation at CIW.  CIW is generally identified as falling within the City of Chino, County of San Bernardino; although, it has a mailing address in the City of Corona, Riverside County.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations, and, on that basis, denies the same.

24.   Answering the allegations in paragraph 24 on page 7 of the Complaint, Defendant admits that he is a resident of Orange County, California.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, denies the same.

25.   Answering the allegations in paragraph 25 on page 7 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in the paragraph, and, on that basis, denies the same.

26.   Answering the allegations in paragraph 26 on page 7 of the Complaint, Defendant admits that, between August 21, 2016 and the present, he has been employed (during his work days) as a Medical Doctor at the California Institution for Women.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, denies the same.

27.   Answering the allegations in paragraph 27 on page 7 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations, and, on that basis, denies the same.

28.   Answering the allegations in paragraph 28 on page 7 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations, and, on that basis, denies the same.

29.   Answering the allegations in paragraph 29 on page 7 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations, and, on that basis, denies the same.

30.   Answering the allegations in paragraph 30 on page 7 of the Complaint, Defendant denies the allegations with respect to himself.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, denies the same.

31.   Answering the allegations in paragraph 31 on page 7 of the Complaint, Defendant denies the allegations with respect to himself.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in the paragraph,

1   and, on that basis, denies the same.

2       32.   Answering the allegations in paragraph 32 on page 7 of the Complaint,

3   Defendant denies the allegations with respect to himself.  Defendant lacks sufficient

4   information or belief to admit or deny the remaining allegations in the paragraph,

5   and, on that basis, denies the same.

6       33.   Answering the allegations in paragraph 33 on pages 7-8 of the

7   Complaint, Defendant denies the allegations with respect to himself.  Defendant

8   lacks sufficient information or belief to admit or deny the remaining allegations in

9   the paragraph, and, on that basis, denies the same.

10      34.   Answering the allegations in paragraph 34 on page 8 of the Complaint,

11  Defendant denies the allegations with respect to himself.  Defendant lacks sufficient

12  information or belief to admit or deny the remaining allegations in the paragraph,

13  and, on that basis, denies the same.

14      35.  Answering the allegations in paragraph 35 on page 8 of the Complaint,

15  Defendant denies the allegations with respect to himself.  Defendant lacks sufficient

16  information or belief to admit or deny the remaining allegations in the paragraph,

17  and, on that basis, denies the same.

18      36.  Answering the allegations in the Prayer for Relief on page 8, paragraphs 1

19  through 4, of the Complaint, Defendant denies the allegations with respect to

20  himself and denies that Plaintiff is entitled to any of the relief sought against

21  Defendant.  Defendant lacks sufficient information or belief to admit or deny the

22  remaining allegations in the paragraph, and, on that basis, denies the same.

23      37.   Any allegations in the Complaint not addressed above by Defendant are

24  hereby denied.

25  / / /

26  / / /

27  / / /

28  / / /

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES TO ALL CLAIMS IN THE COMPLAINT, this answering Defendant alleges as follows:

AFFIRMATIVE DEFENSE NO. 1:

The Complaint and each cause of action fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 2:

The Complaint and each cause of action are uncertain.

AFFIRMATIVE DEFENSE NO. 3:

The Complaint and each cause of action are barred by the statute of limitations of California Code of Civil Procedure section 342 and California Government Code sections 945.4 and 945.6.

AFFIRMATIVE DEFENSE NO. 4:

The Complaint and each cause of action are barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1.

AFFIRMATIVE DEFENSE NO. 5:

The Complaint and each cause of action are barred and this Court is without jurisdiction as there has been a failure by Plaintiff to exhaust administrative remedies.

AFFIRMATIVE DEFENSE NO. 6:

Defendant is entitled to qualified and official and quasi-judicial immunity. Defendant acted, at all times herein relevant, in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

AFFIRMATIVE DEFENSE NO. 7:

Plaintiff and other persons or entities have failed to exercise reasonable care, caution, and prudence for their own and others' health, safety, and welfare, and, accordingly, have proximately caused and/or contributed to Plaintiff's injuries and damages, if any there were.  Should Plaintiff herein recover damages, the amount thereof should be abated, apportioned, and reduced to the extent that the negligence or other wrongful conduct of any other person (including Plaintiff) or entity proximately caused or/or contributed to Plaintiff's damages, if any there were.

AFFIRMATIVE DEFENSE NO. 8:

The Complaint and each cause of action are subject to the statutory limitation of California Civil Code sections 1431 through 1432, relating to joint and several liability for economic and noneconomic damages.

AFFIRMATIVE DEFENSE NO. 9:

Insofar as any Defendant delegated any duty to any subordinate, such delegation was at all times done in good faith, and with due care.  Therefore, this answering Defendant is not liable for any act or omission of any subordinate.

AFFIRMATIVE DEFENSE NO. 10:

Pursuant to California Code of Civil Procedure section 667.7 and Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum

AFFIRMATIVE DEFENSE NO. 11:

The damages alleged in the Complaint herein are subject to a set-off either partially or in full.

AFFIRMATIVE DEFENSE NO. 12:

Plaintiff's own conduct estops Plaintiff from claiming the damages alleged in the Complaint.

/ / /

/ / /

1    AFFIRMATIVE DEFENSE NO. 13:

2        The instant action is barred by the doctrine of unclean hands on the part of

3    Plaintiff.

4    AFFIRMATIVE DEFENSE NO. 14:

5        Plaintiff has waived any right to relief for the causes of action alleged in the

6    Complaint.

7    AFFIRMATIVE DEFENSE NO. 15:

8        At all relevant times, Plaintiff failed to mitigate injury and damages.

9    AFFIRMATIVE DEFENSE NO. 16:

10       The action is barred by the doctrines of laches and unreasonable delay in

11    bringing this action.

12    AFFIRMATIVE DEFENSE NO. 17:

13       The Complaint and each cause of action are barred by Plaintiff's failure to

14    precede the action with a proper and timely government claim as required by

15    California Government Code sections 905.2, 911.2, 945.4, and 950.2.

16    AFFIRMATIVE DEFENSE NO. 18:

17       If and to the extent that the allegations of the Complaint attempt to enlarge

18    upon the facts and contentions set forth in the Government Claim, if any there was,

19    said allegations fail to state a cause of action and are barred by California

20    Government Code sections 905.2, 911.2, 945.4, and 950.2.

21    AFFIRMATIVE DEFENSE NO. 19:

22       To the extent that the Complaint attempts to predicate liability upon any public

23    entity defendant or any agent or employee thereof for purported negligence in

24    retention, hiring, employment, training, or supervision of any public employee,

25    liability is barred by California Government Code sections 815.2 and 820.2 and

26    *Herndon* v. *County of Marin*,  25 Cal. App. 3d 933, 935-936 (1972), reversed on

27    other grounds by *Sullivan* v. *County of Los Angeles*, 12 Cal. 3d 710 (1974); by the

28    lack of any duty running to plaintiff(s); by the fact that any such purported act or

1  omission is governed exclusively by statute and is outside the purview of any

2  public employees' authority; and by the failure of any such acts or omissions to be

3  the proximate cause of any injury alleged in the complaint.

4  AFFIRMATIVE DEFENSE NO. 20:

5       The Complaint and each cause of action therein are barred by the statute of

6  limitations relating to health care providers of California Code of Civil Procedure

7  section 340.5.

8  AFFIRMATIVE DEFENSE NO. 21:

9       The Complaint and each cause of action therein are barred by the ninety-day

10  prior notice provision of California Code of Civil Procedure section 364.

11  AFFIRMATIVE DEFENSE NO. 22:

12       No healthcare provider is liable for any occurrence or result that is solely

13  caused by the natural course of a disease or condition or that is the expected result

14  of a reasonable treatment for a disease or condition.  (Cal. Civ. Code, § 1714.8.)

15  AFFIRMATIVE DEFENSE NO. 23:

16       Any recovery for the alleged noneconomic losses herein is subject to the

17  limitations of California Civil Code section 3333.2.

18  AFFIRMATIVE DEFENSE NO. 24:

19       Defendant did not know and had no reason to know that Plaintiff was in

20  immediate need of medical care.  (Cal. Gov. Code § 845.6.)

21  AFFIRMATIVE DEFENSE NO. 25:

22       Sovereign immunity (as recognized and preserved by the Eleventh

23  Amendment of the United States Constitution) bars this lawsuit against this

24  answering Defendants in his official capacity.

25  AFFIRMATIVE DEFENSE NO. 26:

26       Pursuant to Government Code section 985, any judgment entered herein may

27  be reduced for collateral source payments paid or obligated to be paid for services

28  or benefits that were provided prior to commencement of trial.  In addition,

1   evidence of said benefits is admissible herein pursuant to California Civil Code

2   section 3333.1.

3   AFFIRMATIVE DEFENSE NO. 27:

4       This answering Defendant will be entitled to reasonable attorney fees and

5   costs of suit upon prevailing within the meaning of 42 U.S.C. § 1988 and/or

6   California Code of Civil Procedure section 1038.

7   AFFIRMATIVE DEFENSE NO. 28:

8       Should Defendant be found liable to Plaintiff, which liability is expressly

9   denied, any award for past medical expenses cannot exceed the amount paid by any

10  third party to Plaintiff's medical providers as full payment for the medical services

11  rendered.  In addition, to the extent Plaintiff's fault caused or contributed to

12  Plaintiff's injury, any award for past medical expenses can be further reduced in

13  accordance with the provisions of California Government Code section 985.

14                              **PRAYER**

15      WHEREFORE, Defendant prays that:

16      1.   Judgment be rendered in favor of Defendant and against Plaintiff;

17      2.   Plaintiff takes nothing by the Complaint;

18      3.   Defendant be awarded attorneys' fees and costs of suit incurred herein;

19  and

20      4.   Defendant be awarded such other and further relief as the Court may

21  deem necessary and proper.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**DEMAND FOR JURY TRIAL**

2   Pursuant to Federal Rule of Civil Procedure 38, subdivision (b) and Local

3 Civil Rule 38.1, Defendant hereby makes a demand for a jury trial on any issue

4 triable of right by a jury.

5 Dated:  November 20, 2017      Respectfully submitted,

6                XAVIER BECERRA
                 Attorney General of California
7                RICHARD F. WOLFE
                 Supervising Deputy Attorney General
8

9

10                */s/ Douglas E. Baxter*
                 DOUGLAS E. BAXTER
11                Deputy Attorney General
                 *Attorneys for Defendant*
12                *Frank Truong, M.D.*

13

14

15

16

17

18

19

20

21

22

23

24

25 SD2017802419
  81878128.docx
26

27

28

13